

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. W. Pitman
County Auditor
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-2160
Re: Is a voucher properly
issued when signed only
by the President and
Secretary of the Board
of a common school dis-
trict or should it be
signed by a majority of
the board members?

Your recent request for an opinion from this de-
partment on the above stated question has been received.

We quote from your letter as follows:

"During School Term of 1939-40, a Common
School District, took in through election for con-
solidation one other Common School District and,
prior to said term, took in two other common school
districts and created a Board of Trustees consisting
of 7 persons.

"They now issue vouchers against said con-
solidated district signed only by the President and
Secretary of said Board.

"Is a voucher properly issued when signed
only by the President and Secretary of the Board or
should it be signed by a majority of the Board Mem-
bers?"

Article 2808, Vernon's Annotated Civil Statutes,
provides that:

"The board of county school trustees at its
next meeting after such consolidation of school dis-
tricts is declared, shall appoint a board of seven
trustees for the consolidated district. * * *"

Honorable H. W. Pitman, page 2

Article 2806, Vernon's Annotated Civil Statutes, provides "the term 'district' as used in this and the succeeding nine articles means 'consolidated common school districts' or 'consolidated independent school district'." This article also provides for the number of school trustees for those district consolidated under said article.

Articles 2749, 2751 and 2752, Vernon's Annotated Statutes, read, as follows:

"Art. 2749. Said trustees shall have the management and control of the public schools and the public school grounds; and they shall determine how many schools shall be maintained in their school district, and at what points they shall be located; provided, that not more than one school for white children and one school for colored children shall be established for each sixteen square miles of territory or major fraction thereof, within such district; and they shall determine when the schools shall be opened and when closed. They shall have the power to employ and dismiss teachers; but in case of dismissal, teachers shall have the right of appeal to the county and State Superintendents. They shall contract with teachers and manage and supervise the schools, subject to the rules and regulations of the county and State Superintendents; they shall approve all claims against school funds of their district; provided, that the trustees, in making contracts with teachers, shall not create a deficiency debt against the district."

"Art. 2751. The amount contracted by trustees to be paid a teacher shall be paid on a check drawn on the county treasurer by a majority of the trustees and approved by the county superintendent."

"Art. 2752. The trustees of a school district shall contract for the erection of the buildings and superintend the construction of the same; and the county superintendent shall draw his warrant upon the school fund so appropriated only upon the accounts first approved by them. No mechanic, contractor, material man, or other person, can contract for, or in any other manner have or acquire, any lien upon the house so erected or the land upon which the same is situated; and all contracts with such parties shall expressly stipulate for a waiver of such lien."

Honorable H. W. Pitman, page 3

Article 2748, Vernon's Annotated Statutes, provides that:

"Said trustees shall be a body politic and corporate in law, and shall be known by and under the title and name of district trustees of district number _____,and county of _____, State of Texas; and as such may contract and be contracted with, sue and be sued, plead or be impleaded, in any court of this State of proper jurisdiction, and may receive any gift, grant, donation or devise made for the use of the public schools of the district. All reports and other official papers shall be headed with the number of district and name of county."

It will be noted under Article 2749, supra, that the Board of Trustees shall approve all claims against school funds of their district; provided, that the trustees, in making contracts with teachers, shall not create a deficiency debt against the district. It will be seen that under Article 2751, supra, that the amount contracted by trustees to be paid to teachers shall be paid on a check drawn on the county treasurer by a majority of the trustees and approved by the county superintendent. In contracting for buildings and superintending the construction of the same, the county superintendent shall draw his warrant upon the school funds so appropriated only upon the accounts first approved by the trustees of the school district contracting for buildings and the superintending of the construction thereof.

A school board is a creature of the law and has only such jurisdiction as expressly given by the statutes or necessarily implied therein. Among the enumerated powers of trustees of common school districts are the management and control of the public schools and grounds, the determination of the location and number of schools, the employment of teachers, and the approval of all claims against school funds of their districts. School boards may adopt such reasonable rules and regulations as are necessary for the management and control of the schools. And in general they may administer the school affairs under their supervision in such manner as, in their judgment, will accomplish the wholesome objects of our educational policies. Independent School District vs. Salvatierre, 33 S. W. (2nd) 790, appeal dismissed and certiorari denied, 284 U. S. 580; Mesquite Independent School District vs. Gross, 67 S. W. (2nd) 242; Lee vs. Leonard Ind. Sch. Dist., 24 S. W. (2d) 449. Texas Jurisprudence, Vol. 37, p. 938.

Honorable H. W. Pitman, page 4

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that checks drawn on the county treasurer to pay teachers their salaries as contracted by the trustees must be signed by a majority of the trustees and approved by the county superintendent. You are further advised that in the construction of buildings and superintending the construction thereof, that the county superintendent shall draw his warrant upon the school fund so apportioned only upon the accounts first being approved by the trustees of the common school district.

You are further advised that it is our opinion that the school board of common school districts must approve all claims against the school funds of their districts and that said school boards may adopt such reasonable rules and regulations as are necessary for the control and management of the schools and unless specifically prohibited by statute as in the case of checks to pay the salaries of school teachers and to pay for the construction of buildings the school board may approve such claims and authorize the president and secretary of the board of trustees to sign vouchers or checks for other necessary and incidental expenditures.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:EP

APPROVED JUN 21, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN